THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BROOKLYN
PLASTERING CONTRACTORS ASSOCIATION, INC., JOSEPH VALENTINO,
FRANK VALENTINO, RAPHAEL L. ARRA, et al., Defendants.

County Court, Kings County, September 28, 1949.

*Daniel J. Reisner* for Brooklyn Plastering Contractors Association, Inc., and others, defendants.

*Eugene F. Bannigan* for Frank Valentino, defendant.

*Nathaniel L. Goldstein, Attorney-General (John P. Powers* of counsel), for plaintiff.

GOLDSTEIN, J. This is an application for an order directing the Attorney-General to file with the clerk of this court, a copy of the written recommendations submitted by him on or about May 13, 1949, pertaining to the dismissal of various counts in the indictment against the defendants, Brooklyn Plastering Contractors Association, Inc., Joseph Valentino, Frank Valentino and Raphael L. Arra.

The indictment in this matter charges twenty-eight individual defendants and five corporations with violations of sections 340 and 341 of the General Business Law pertaining to monopolies and restraint of trade. In addition to these charges the defendants Joseph Valentino, Frank Valentino and Raphael L. Arra are charged with the crime of extortion.

All of the defendants named in the indictment were duly arraigned and each defendant entered a plea of " not guilty." Thereafter, the defendants named in the indictment other than the defendants Robert Vaccarino, Thomas B. Spano, Frank Valentino, Norman Hantman, James Gamello and Albert Altmark, made application to this court for an order for leave to withdraw their former pleas of " not guilty," and be allowed to enter a demurrer to the indictment and for an order dismissing the indictment.

The court disallowed the demurrer as to each defendant making the application. Pursuant to the provisions of section 330 of the Code of Criminal Procedure the court directed each of the defendants as against whom the demurrer had been disallowed to appear before the court on May 11, 1949, for arraignment, for the purpose of entering a plea to the indictment.

On May 11, 1949, the defendants Brooklyn Plastering Contractors Association, Inc., Joseph Valentino and Raphael L. Arra appeared before the court for arraignment. Although not required to appear because he had not demurred to the indictment, the defendant Frank Valentino also appeared in court with his attorney.

The defendant Brooklyn Plastering Contractors Association, Inc., pleaded " guilty " to count 1 of the indictment charging a violation of sections 340 and 341 of the General Business Law — a misdemeanor — and pleaded " not guilty " as to counts 2, 16 and 17. Its attorney then made a motion to dismiss these counts in which motion the assistant attorney-general joined.

The defendant Joseph Valentino pleaded " guilty " to counts 1, 16 and 17, and his attorney then made a motion to dismiss the remaining counts of the indictment for which he was indicted, in which motion the assistant attorney-general concurred.

The defendant Frank Valentino pleaded " guilty " to count 1 of the indictment and his attorney made a motion to dismiss the remaining counts for which he was indicted, in which motion the assistant attorney-general concurred. On May 18, 1949, the defendant Frank Valentino again appeared before the court with his attorney and pleaded guilty to count 2 of the indictment.

The defendant Raphael L. Arra pleaded " guilty " to counts 1, 16 and 17, and his attorney made a motion to dismiss the remaining counts of the indictment for which he was indicted, in which motion the assistant attorney-general concurred.

Thus, after a long and exhaustive investigation by the Attorney-General, which resulted in the handing up of this indictment consisting of forty-four pages and containing seventeen counts against twenty-eight individuals and five corporations, and after various motions had been made by the defendants in this case, the court had before it defendants who were ready to plead guilty to some of the counts in this indictment and moving to dismiss the remaining counts against them, in which motion the Attorney-General concurred.

In order to guide the court in its action upon the recommendations of the Attorney-General, the court requested him to state his reasons. Those reasons were thereafter and on May 17, 1949, submitted to the court in writing. They consisted of the opinion of the Attorney-General on the facts as he then knew them.

Before the court decided the motions to dismiss the indictment, the defendant Vaccarino went to trial and was found guilty on a number of counts in the indictment. Certain of the defendants who have been sentenced on their plea of guilty, which was taken in open court and under circumstances clearly indicating no promise whatsoever on the part of this court as to its future action on those pleas, now ask that a copy of the recommendations submitted by the Attorney-General to the court be filed with the court for the purpose of inclusion in the judgment roll.

I find no authority or warrant in the Code of Criminal Procedure for the disclosure of reasons submitted by the Attorney-General in connection with the application which was rejected by this court. Insofar as the recommendations were accepted and certain counts of the indictment were dismissed as to certain of the defendants, the statement required by section 671 of the Code of Criminal Procedure was duly filed by this court. That statement went even further in setting forth reasons for the denial of the application and the rejection of the recommendations in other respects.

The defendants making this application state that section 342-a of the Code of Criminal Procedure requires that the recommendations submitted by the Attorney-General be filed with the papers in the case and become a public record subject to inspection.

Section 342-a of the Code of Criminal Procedure has no application in this case. That section refers to cases where the court upon recommendation of the District Attorney accepts a plea of guilty to a crime or offense of a lesser degree or for which a lesser punishment is prescribed than the crime or offense charged. In such case it shall be the duty of the District Attorney to submit to the court a statement in writing, in which his reasons for recommending the acceptance of such plea shall be clearly set forth and such statement shall be filed with the other papers in the case and shall be a public record subject to inspection by any person.

The court in this case, did not act under the power conferred upon it pursuant to the provisions of section 342-a of the Code of Criminal Procedure. In this case, the court acted under the power conferred upon it pursuant to the provisions of section 671 of the Code of Criminal Procedure which deals with the dismissal of an indictment.

The powers and duties conferred upon the court under each section are separate and distinct and have no relation whatsoever with each other. It is true, however, that under both sections of the code, a written statement must be filed. However, under section 671 of the Code of Criminal Procedure it is the court itself that is required to make and file the written statement, whereas, under section 342-a of the Code of Criminal Procedure, it is the District Attorney who is required to make the written statement and file same with the court.

In this case the defendants have pleaded guilty to certain counts in the indictment as charged. No lesser plea was accepted by the court. Nor can it be stated by any stretch of the imagination that the " pleas " herein were in the nature of a lesser plea or understood to be so. The record, as I have stated before, clearly and unequivocally shows that the pleas of guilt were offered and accepted by the court from the defendants under circumstances clearly indicating that each defendant was pleading guilty as charged and that no promise whatsoever was made by this court express or implied, as to its future action on those pleas.

As I have stated before, the court in requesting the Attorney-General to submit his recommendations in writing, did so in order to have before it the reasons for such action on the part of the Attorney-General and in order to guide the court in its future action upon such recommendations.

The authority for the exercise by a county judge of power to make an order in a criminal case must be found in the Code of Criminal Procedure (*Matter of McDonald* v. *Sobel*, 272 App. Div. 455, affd. 297 N. Y. 679). Power must be conferred upon him expressly or impliedly by statute (*People ex rel. Hirschberg* v. *Orange Co. Ct.*, 271 N. Y. 151, 155).

In the case of *Matter of McDonald* v. *Sobel* (*supra*), the court stated as follows (pp. 460–461): " It follows inescapably, therefore, that when anything is to be done in respect of a lesser plea, the section of the code specifically concerned with pleas determines what action may be taken, by whom, and under what circumstances. That statute is section 342-a of the Code of Criminal Procedure. Both statutes require a written statement to sustain official action. Here we have no compliance by either the Judge or the District Attorney with this requirement of both section 342-a and section 671. It thus appears, limiting inquiry to the language of the statutes invoked, that the County Court was without power to do that which it did herein and that its act was a nullity. This view recognizes that the statutes cited regulate official action differently in two separate, distinct and unrelated fields, just as was done at common law."

The evidence adduced at the trial of the defendant Vaccarino substantially altered the facts as previously indicated to the court in the recommendations of the Attorney-General. The recommendations of the Attorney-General would, in any event, be inadmissible and wholly irrelevant to any issue, either upon the trial or upon the pending appeal. Furthermore, it would be contrary to the interests of justice, for a prior opinion of the Attorney-General, concerning a recommendation that the court rejected, now be disclosed to the defendants.

There is, therefore, no apparent reason or authority for the granting of this application and it is accordingly denied in all respects.

Submit order.